UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

Hope McMath,
          Plaintiff,

   v.

Duval County Public Schools, Charlotte Joyce, April Carney, Melody Bolduc, Anthony Ricardo, Florida Department of Education, Anastasios Kamoutsas, as Commissioner of Education, Moms for Liberty Inc., and Moms for Liberty-Duval,

          Defendants.

Case No.: 3:25-cv-01498-HES-MCR

---

**DEFENDANT MOMS FOR LIBERTY–DUVAL'S MOTION TO QUASH SERVICE OF PROCESS;  INCORPORATED MEMORANDUM OF LAW**

---

Defendant Moms for Liberty-Duval moves under Federal Rule of Civil Procedure 12(b)(5) to quash service of process. McMath's service of process on Moms for Liberty-Duval was defective because McMath improperly served the son of the co-founder of the national Moms for Liberty, Inc. Neither the son nor the co-founder is an officer or agent of the Duval chapter and thus cannot accept service on its behalf.

But the defect runs deeper than serving the wrong person. As McMath's own Amended Complaint admits (Doc. 28, Amend. Compl. ¶ 97), Moms for Liberty-Duval is an unincorporated chapter. Under Florida law, unincorporated associations cannot be sued in their own names. A plaintiff who wishes to pursue claims against members of such an association must identify each member, name each as a defendant, and

serve each individually. *See Johnston v. Meredith*, 840 So. 2d 315, 316 (Fla. 3d DCA 2003). Because "Moms for Liberty-Duval" has no legal existence as a suable entity, service cannot be effectuated on it at all. Thus, this defect is incurable. The Court should quash service and dismiss the Amended Complaint as to Moms for Liberty-Duval.

## FACTUAL BACKGROUND

Moms for Liberty Inc. is a 501(c)(4) nonprofit organization that advocates for parental rights in education. (Amend. Compl. ¶ 24.) Moms for Liberty-Duval is described in the Amended Complaint as "an affiliate or chapter" of that organization. (*Id.* ¶ 25.) McMath alleges that the chapter's "corporate structure ... is unknown, but it appears to be operating an unincorporated association." (*Id.* ¶ 97.) Moms for Liberty-Duval is not incorporated under Florida law, is not registered with the Florida Division of Corporations, and has no separate legal existence from its individual members. (Declaration of Tina Descovich ["Descovich Decl."] ¶¶ 3–6, attached as **Exhibit 1**.)

On December 16, 2025, McMath attempted to serve Moms for Liberty-Duval by delivering a summons and complaint to William Descovich at a residential address. William Descovich is the son of Tina Descovich, a co-founder of Moms for Liberty, Inc. (Descovich Decl. ¶ 7.) He is not an officer, director, or member of Moms for Liberty-Duval. (*Id.* ¶ 8.) He is not the chapter's registered agent or designated agent for service of process. (*Id.*) He has no role in the Duval chapter. (*Id.*)

## LEGAL STANDARD

The plaintiff is responsible for ensuring proper service of a summons and a complaint. *See Kelly v. Fla.*, 233 F. App'x 883, 885 (11th Cir. 2007) (citing Fed. R. Civ. P. 4(c)(1)). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "It is the plaintiff's responsibility to ensure proper service of a summons and complaint." *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (citing Fed. R. Civ. P. 4(c)(1)). "Without proper service of process, a district court lacks both personal jurisdiction over a defendant and power to render a judgment." *Yaniga v. Fla. Dep't of Transp.*, 2011 WL 6338910, at *1 (M.D. Fla. Dec. 19, 2011) (citations omitted). "Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014). Upon a showing of insufficient service of process, Rule 12(b)(5) authorizes district courts to either dismiss the complaint or to quash service and require the plaintiff to perfect service. *See Grisales v. Ocala Nat'l Bank*, 2013 WL 12155961, at *6 (M.D. Fla. May 16, 2013).

## ARGUMENT

**A.    The Court should quash service of process because McMath served someone with no connection to Moms for Liberty-Duval.**

McMath attempted to serve Moms for Liberty-Duval by serving William Descovich—the son of Tina Descovich, a co-founder of Moms for Liberty, Inc. *See* Descovich Decl. ¶ 7. William Descovich is neither an officer of Moms for Liberty-

Duval nor its designated agent for service of process. Descovich Decl. ¶ 8. He has no role in the Duval chapter. *Id*. Serving a relative of an officer of the national organization does not constitute service on a local chapter. "It is the plaintiff's responsibility to ensure proper service of a summons and complaint." *Kelly*, 233 F. App'x at 885. McMath failed to meet that responsibility as she served a private citizen with no connection to the named defendant.

**B.     The Court should quash service because Moms for Liberty-Duval is an unincorporated association that cannot be sued or served under Florida law.**

Even if McMath had served a chapter officer, her service would still be defective. Service of process presupposes a suable defendant. Moms for Liberty-Duval is an unincorporated association that lacks the capacity to be sued under Florida law and therefore cannot be served in its own name.

Florida does not permit unincorporated associations to be sued in their own names. "Because there is no statutory authority conferring on the association the capacity to sue, the common law rule, that associations cannot sue or be sued in their own name, applies." *Asociacion de Perjudicados v. Citibank*, 770 So. 2d 1267, 1269 (Fla. 3d DCA 2000). "Unlike some other jurisdictions that permit an unincorporated association to sue or be sued in its own name, Florida does not have such an enabling statute." *Johnston v. Meredith*, 840 So. 2d 315, 316 (Fla. 3d DCA 2003); *see also Larkin v. Buranosky*, 973 So. 2d 1286, 1287 (Fla. 2d DCA 2008) (holding that unincorporated political organizations "lacked the capacity to be sued in their own names, but rather were required to be sued in the names of individual members").

4

*Johnston* is directly on point. There, the plaintiff sued Kappa Sigma Fraternity and its Epsilon Beta chapter, both voluntary, unincorporated associations. 840 So. 2d at 316. The plaintiff attempted to serve the District Grand Master, a high-ranking officer. *Id.* The Third District held that service was improper, not because the plaintiff served the wrong officer, but because unincorporated associations cannot be sued in their own names under Florida law. *Id.* To proceed, the plaintiff was required to identify each member, name each as a defendant, and serve each individually. *Id.*

The capacity of a party to be sued in federal court is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). This Court sits in Florida, so Florida law governs. McMath's own Amended Complaint concedes that Moms for Liberty-Duval "appears to be operating an unincorporated association." (Amend. Compl. ¶ 97.) Under *Johnston*, *Asociacion de Perjudicados*, and *Larkin*, that concession is fatal. Any attempted service on this entity—whether on William Descovich, a chapter officer, or anyone else—is necessarily improper because there is no suable defendant to receive it. The Court should quash service.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant Moms for Liberty–Duval's motion to quash because McMath's service of process was improper, and should dismiss the Amended Complaint as to it.

5

Dated: March 18, 2026

Respectfully submitted,

/s/ Horatio G. Mihet
Mathew D. Staver (FBN 0701092)
Horatio G. Mihet (FBN 0611131)
Kristina Heuser (FBN 1047539)
Mariah Gondeiro (FBN 1070190)
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
court@LC.org
mstaver@LC.org
hmihet@LC.org
kheuser@LC.org
mgondeiro@LC.org

*Counsel for Defendants Moms for
Liberty and Moms for Liberty-Duval*

6

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel certifies that, prior to filing this motion, counsel for Defendant Moms for Liberty-Duval conferred with counsel for Plaintiff regarding the requested relief. The conference occurred via multiple emails, both in response to the original Complaint and, more recently, in response to the Amended Complaint, on March 16, 17, and 18, 2026. Undersigned counsel advised counsel for Plaintiff that Moms for Liberty-Duval is an unincorporated association, and provided the authorities principally relied upon herein concerning the capacity of unincorporated associations to be sued under Florida law. Undersigned counsel requested multiple times that counsel for Plaintiff voluntarily dismiss Moms for Liberty-Duval from the original complaint; that it not be included in the Amended Complaint before it was filed; and that it be voluntarily dismissed from the Amended Complaint after it was filed. Counsel for Plaintiff declined all requests.

Respectfully submitted,

/s/ Horatio G. Mihet
Horatio G. Mihet

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Horatio G. Mihet
Horatio G. Mihet