UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

Hope McMath,

Plaintiff,

v.

Duval County Public Schools, et al.,

Defendants.

Case No.: 3:25-cv-01498-HES-MCR

---

**DEFENDANT MOMS FOR LIBERTY–DUVAL'S MOTION FOR LEAVE
TO FILE REPLY IN SUPPORT OF MOTION TO QUASH**

---

Defendant Moms for Liberty–Duval respectfully moves under Local Rule 3.01(e) for leave to file a reply, not exceeding five pages, to Plaintiff's Response in Opposition to Defendant's Motion to Quash Service of Process (Doc. 33). A reply is warranted because the Opposition introduces new arguments not addressed in the Motion to Quash (Doc. 31), relies on case authority that does not support the propositions for which it is cited, and raises issues on which this Court would benefit from a complete and accurate presentation of the governing law.

**A.    Need for the Reply**

Plaintiff's twenty-three-page Opposition raises numerous arguments that were not—and could not have been—anticipated in the Motion to Quash. Several of these arguments rest on demonstrably incorrect characterizations of the cited authorities. A brief reply will assist this Court by correcting the record on several points, including:

*First*, Plaintiff contends that Moms for Liberty–Duval waived its challenge to

service of process by making a "general appearance" through counsel's notices of appearance, a motion to extend time, conferral, and participation in joint motions. Doc. 33 at 10–12. In support, Plaintiff contends that "the Eleventh Circuit has consistently held that a defendant who voluntarily appears and participates in litigation without timely asserting such defenses waives the right to later raise them." (Doc. 33 at 12.) That assertion is *false*—and foreclosed by *Pouyeh v. Public Health Trust of Jackson Health System*, 718 F. App'x 786, 790–91 (11th Cir. 2017). A reply is necessary to bring to the Court's attention Plaintiff's misstatement of the law and mischaracterization of the cases on which her waiver argument relies.

*Second*, Plaintiff devotes several pages to the contention that Moms for Liberty–Duval is judicially estopped from contesting capacity because the Brevard County chapter—a separate entity—filed and prosecuted a federal lawsuit. (Doc. 33 at 2–4, 8–10, 18–19.) This argument conflates distinct legal entities and fundamentally misapplies the doctrine, which requires a prior inconsistent position successfully maintained by the *same party* in a *judicial proceeding*. *See Slater v. United States Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017). Press releases on a website are not judicial positions. The Brevard chapter and the Duval chapter are not the same party. A reply is necessary to demonstrate that none of the elements of judicial estoppel is met.

*Third*, Plaintiff lobs several ad hominem—and frankly, unprofessional—attacks against Moms for Liberty-Duval's counsel and dedicates an entire section to said counsel's public communications about this case, characterizing them as evidence that Moms for Liberty–Duval is a "real, functioning organization." (Doc. 33 at 20–21.)

Counsel's public statements about pending litigation have no bearing on whether service of process was properly effectuated under Rule 4 or whether an unincorporated association has the capacity to be sued under Florida law. This material is legally irrelevant to every issue before the Court on the Motion to Quash, and a reply will briefly note as much to prevent any confusion.

## B.    Proposed Length

The proposed reply will not exceed five pages inclusive of all parts.

## C.    Relief Sought

Defendant Moms for Liberty–Duval respectfully requests that this Court grant leave to file a reply not exceeding five pages.

Dated: April 2, 2026                                Respectfully submitted,

/s/ Horatio G. Mihet
Mathew D. Staver
Horatio G. Mihet
Kristina S. Heuser
Mariah Gondeiro
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
court@LC.org
hmihet@LC.org
kheuser@LC.org
mgondeiro@LC.org

*Counsel for Defendants Moms for Liberty and Moms for Liberty-Duval*

3

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel certifies that conferral was not undertaken prior to filing this motion because the relief sought is non-consentable in nature. *See* Local Rule 3.01(e) (providing that no response to a motion for leave to reply is permitted). As a courtesy, undersigned counsel notified counsel for Plaintiff via email on April 2, 2026, of Defendant's intent to seek leave to file a reply.

Respectfully submitted,

/s/ Horatio G. Mihet
Horatio G. Mihet

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Horatio G. Mihet
Horatio G. Mihet