**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HOPE McMATH,

Plaintiff,

v. Case No. 3:25-cv-1498-HES-LLL

THE SCHOOL BOARD OF DUVAL COUNTY, FLORIDA, et al.,

Defendants.
_______________________________________/

**DEFENDANT FLORIDA DEPARTMENT OF EDUCATION'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Florida Department of Education ("FDOE") moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the only claim that Plaintiff Hope McMath asserts against it in the Second Amended Complaint (Doc. 57): Count II, which seeks declaratory and injunctive relief against section 1012.795(1), Florida Statutes, "as applied." In support, FDOE states:

## INTRODUCTION

FDOE is a department of the State of Florida. McMath says so herself. (Doc. 57 ¶ 11.) That settles this motion. A State and its agencies are not "persons" who can be sued under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). And the Eleventh Amendment bars suits against a State's agencies in federal court, "regardless of the nature of the relief sought." *Pennhurst State Sch. &*

*Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The exception recognized in *Ex parte Young*, 209 U.S. 123 (1908), permits suits for prospective relief against state officers. It "has no application in suits against the States and their agencies." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

McMath has sued the official who enforces the statute: the Commissioner of Education, in his official capacity, for prospective relief. (Doc. 57 ¶ 12.) Whatever the merits of that claim, and the Commissioner has explained why it fails, naming the agency adds nothing but a defendant the Constitution does not allow. Count II should be dismissed as to FDOE.

**BACKGROUND**

The Second Amended Complaint describes FDOE as "an agency of the State of Florida responsible for administering educator-certificate discipline under sections 1012.795 and 1012.796, Florida Statutes." (Doc. 57 ¶ 11.) The only count against FDOE is Count II, which alleges that section 1012.795(1), "as applied by FDOE to sanction Plaintiff's off-duty, off-campus speech on a matter of public concern, is unconstitutionally vague and overbroad," and seeks "declaratory and injunctive relief." (*Id.* ¶ 49.) Count II is asserted against FDOE and against Commissioner of Education Henry Mack in his official capacity. (*Id.* at 17.) The prayer asks the Court to declare the statute unconstitutional and to enjoin its enforcement against McMath's protected speech. (*Id.* at 27, Prayer ¶¶ (a), (b).)

McMath brings Count II under 42 U.S.C. § 1983. (*Id.* ¶ 2.) The certificate proceeding in which the statute is being applied to her remains pending before the Education Practices Commission. (*Id.* ¶ 45; *id.* at 17 n.2.)

**MEMORANDUM OF LAW**

## I. LEGAL STANDARDS

### A. Rule 12(b)(1): Facial challenges to subject-matter jurisdiction

Under Article III of the U.S. Constitution, federal courts exercise limited jurisdiction. A Rule 12(b)(1) motion contests subject-matter jurisdiction and may challenge the complaint's jurisdictional allegations on their face. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). In such cases, the Court assumes the truth of those allegations and asks whether they are sufficient to establish federal jurisdiction, using a standard similar to Rule 12(b)(6). *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam). The plaintiff bears the burden of establishing standing by showing injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). And "standing is not dispensed in gross"; a plaintiff must demonstrate standing "for each claim that [she] press[es]." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Courts must address these threshold jurisdictional questions first, because they cannot reach questions they never had jurisdiction to entertain. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

### B. Rule 12(b)(6): Pleading sufficiency and the plausibility standard

Rule 12(b)(6) allows dismissal of complaints that do not state a valid claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible if the facts support a reasonable inference of the defendant's liability; mere possible misconduct is insufficient. *Iqbal*, 556 U.S. at 678. The Court treats well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor, but legal conclusions and conclusory statements are not accepted. *Id.* at 678-79; *Twombly*, 550 U.S. at 555.

## II. FDOE IS AN ARM OF THE STATE OF FLORIDA.

FDOE is not a local body or an independent authority. It is the State's education department. Florida's Constitution places the supervision of the state system of public education in the State Board of Education. Art. IX, § 2, Fla. Const. The Legislature created FDOE as the department through which that supervision is carried out, with the State Board of Education at its head. § 20.15(1), Fla. Stat. The Eleventh Circuit has described the State Board of Education as "an entity that is clearly an arm of the state." *Williams v. Dist. Bd. of Trs. of Edison Cmty. Coll.*, 421 F.3d 1190, 1193 (11th Cir. 2005). And it has affirmed the dismissal of Section 1983

claims against FDOE officials in their official capacities on Eleventh Amendment grounds. *Hamilton v. Fla. Dep't of Educ./Vocational Rehab. Servs.*, 152 F. App'x 771, 773 (11th Cir. 2005). McMath does not contend otherwise. She pleads that FDOE is "an agency of the State of Florida." (Doc. 57 ¶ 11.)

**III. FDOE IS NOT A "PERSON" UNDER SECTION 1983.**

Section 1983 creates a cause of action only against a "person" who, under color of state law, deprives another of a federal right. 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. The same is true of the State's agencies and other arms of the State. *Id.* at 70; *Howlett v. Rose*, 496 U.S. 356, 365 (1990). The rule does not depend on the relief sought. *Will* recognized that a state official, sued for prospective relief, may be a "person" for that limited purpose. 491 U.S. at 71 n.10. It extended no such treatment to the State or its agencies. Because FDOE is not a "person," Count II fails to state a Section 1983 claim against it.

**IV. THE ELEVENTH AMENDMENT BARS COUNT II AGAINST FDOE.**

Independently, the Eleventh Amendment deprives this Court of jurisdiction over Count II as to FDOE. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 100. "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.*; *see Alabama v. Pugh*, 438 U.S. 781,

782 (1978) (per curiam). Congress did not abrogate that immunity when it enacted Section 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). And Florida has not waived it. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515, 1520 (11th Cir. 1986); *Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990).

*Ex parte Young* does not help McMath here. That doctrine allows a plaintiff to sue a state officer for prospective relief against an ongoing violation of federal law. It "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct*, 506 U.S. at 146. McMath has already named the officer. (Doc. 57 ¶ 12.) Nor does it matter that the conduct McMath challenges is the agency's own institutional conduct in receiving, investigating, and charging the complaint against her. The Eleventh Amendment turns on who the defendant is, not on what the defendant is alleged to have done. *Pennhurst*, 465 U.S. at 100. Count II against FDOE should be dismissed for lack of jurisdiction.

## V. COUNT II WOULD FAIL IN ANY EVENT.

Even if FDOE could be sued, Count II could not proceed. The certificate proceeding in which the statute is being applied to McMath "has not yet terminated by final order." (Doc. 57 at 17 n.2.) It is a civil enforcement proceeding initiated by the State after an investigation and a formal charge, it implicates Florida's important interest in the fitness of its teachers, and McMath may raise

her federal claims on judicial review of any final order. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must abstain from interfering with such a proceeding. *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 906-13 (11th Cir. 2023) (abstaining from challenge to pending professional-license proceeding); *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 629 (1986). And the Eleventh Circuit has held that "an overbreadth claim is never as-applied," so the overbreadth theory of Count II fails as pleaded. *Labriola v. Miami-Dade Cnty.*, 142 F.4th 1305, 1313 n.4 (11th Cir. 2025).

**CONCLUSION**

The Florida Department of Education respectfully requests that the Court dismiss Count II of the Second Amended Complaint as to it.

Dated: October 30, 2026

Respectfully submitted,

/s/ Adam B. Brandon
Jason B. Gonzalez (FBN: 146854)
Samuel J. Salario, Jr. (FBN: 83460)
Michael C. Kelley (FBN: 99492)
Eric C. Reed (FBN: 0557161)
Adam B. Brandon (FBN: 99316)
LAWSON HUCK GONZALEZ, PLLC
101 E. College Avenue, 5th Floor
Tallahassee, Florida 32301
jason@lawsonhuckgonzalez.com
samuel@lawsonhuckgonzalez.com
michael@lawsonhuckgonzalez.com
eric@lawsonhuckgonzalez.com
adam@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com

*Counsel for Defendant Florida Department of Education*

**LOCAL RULE 3.01(g) CERTIFICATE**

I HEREBY CERTIFY that undersigned counsel conferred with counsel for Plaintiff by email regarding the relief requested in this motion. Plaintiff opposes the motion in its entirety.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Adam B. Brandon
Attorney