**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HOPE McMATH,

Plaintiff,

v. Case No. 3:25-cv-1498-HES-LLL

THE SCHOOL BOARD OF DUVAL COUNTY, FLORIDA, et al.,

Defendants.
_______________________________________/

**DEFENDANT COMMISSIONER OF EDUCATION HENRY MACK'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Dr. Henry Mack, sued in his official capacity as Commissioner of Education, moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the only claim that Plaintiff Hope McMath asserts against him in the Second Amended Complaint (Doc. 57): Count II, which seeks declaratory and injunctive relief against section 1012.795(1), Florida Statutes, "as applied."[1] In support, the Commissioner states:

[1] Commissioner Mack succeeded Anastasios Kamoutsas as Commissioner of Education while this action was pending. The Second Amended Complaint sues Commissioner Mack "in his official capacity only, for prospective declaratory and injunctive relief," and substitutes him for his predecessor on all official-capacity claims under Federal Rule of Civil Procedure 25(d). (Doc. 57 ¶ 12.)

## INTRODUCTION

Count II asks this Court to declare that Florida's educator-discipline statute is "unconstitutionally vague and overbroad" as FDOE applied it to McMath, and to enjoin its enforcement. (Doc. 57 ¶ 49.) The proceeding in which the statute is being applied to her is still going on. McMath says so herself: "the administrative proceeding has not yet terminated by final order." (*Id.* at 17 n.2.)

That proceeding is working the way Florida designed it. The Commissioner found probable cause and filed an Administrative Complaint. (*Id.* ¶ 29.) McMath demanded a hearing. An independent administrative law judge heard the case, held the Commissioner to a clear-and-convincing standard, construed the charges strictly, and recommended that the Education Practices Commission dismiss them. (*Id.* ¶ 45; Ex. A at 8-20.) The Commissioner has filed exceptions, and the Commission has not yet entered its final order. If it adopts the recommendation, McMath wins and Count II is moot. If it does not, McMath may raise every federal argument she makes here on appeal to a Florida district court of appeal. (Ex. A at 3 (citing *Caggiano v. Duval Cnty. Sch. Bd.*, 403 So. 3d 1081, 1084 (Fla. 5th DCA 2025)).)

*Younger v. Harris*, 401 U.S. 37 (1971), forbids a federal court from reaching into a pending state enforcement proceeding like this one. The Eleventh Circuit applied that rule to a materially similar professional-license proceeding three

years ago. *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 906-13 (11th Cir. 2023). It applies here. And if the Court reached the merits, Count II would fail anyway. Overbreadth is never an as-applied claim. And the statutory terms McMath attacks have been defined by rule and applied by Florida's courts for decades. Count II should be dismissed.

## BACKGROUND

### A. The statutory process for educator discipline.

Florida divides educator discipline among several actors. FDOE investigates complaints "filed before it or otherwise called to its attention." § 1012.796(1)(a), Fla. Stat. The Commissioner of Education determines whether probable cause exists, after the Department's general counsel reviews the investigative findings. § 1012.796(3), Fla. Stat. If the Commissioner finds probable cause, he files a formal complaint and prosecutes it under chapter 120. § 1012.796(6), Fla. Stat. An administrative law judge of the Division of Administrative Hearings hears any disputed issues of fact and makes a recommendation. *Id.* An Education Practices Commission panel then enters the final order, either dismissing the complaint or imposing a penalty. § 1012.796(7), Fla. Stat. The Commission "may not be subject to control, supervision, or direction by the Department of Education." § 1012.79(6)(a), Fla. Stat. That final order is subject to judicial review in a Florida district court of appeal. § 120.68, Fla. Stat.

**B. The proceeding against McMath's certificate.**

McMath holds a Florida educator's certificate. (Doc. 57 ¶ 16.) After she posted about the death of Charlie Kirk, FDOE investigated, and on October 8, 2025, the Commissioner found probable cause and issued an Administrative Complaint. (*Id.* ¶¶ 21-32.) The Administrative Complaint charged violations of section 1012.795(1)(d), (g), and (j) and of the Principles of Professional Conduct. (Ex. A at 2.) McMath requested a formal hearing, and the matter was referred to the Division of Administrative Hearings on November 5, 2025. (*Id.*) She filed this lawsuit a month later. (Doc. 1.)

The administrative law judge held a final hearing on July 27, 2026. (Ex. A at 1.) He told the parties that he lacked authority to rule on McMath's First Amendment arguments, but allowed her to build a record for an appellate court, noting that such a claim "can be asserted for the first time in a Florida appellate court." (*Id.* at 3 (quoting *Caggiano*, 403 So. 3d at 1084).) On September 21, 2026, he issued an Amended Recommended Order recommending that the Education Practices Commission dismiss the charges. (Doc. 57 ¶ 45; Ex. A at 20.) On October 6, 2026, the Commissioner filed exceptions to the Amended Recommended Order. (Ex. B.) He accepts the findings of historical fact and challenges the administrative law judge's conclusions of law. (*Id.* ¶ 3.) McMath responded on October 9, 2026, asking the Commission to adopt the recommendation and stating that she

"preserves her First Amendment arguments in full for any subsequent judicial review." (Ex. C ¶ 30.) The Commission will rule on those exceptions and enter a final order. (Ex. A at 21.) It has not yet done so. (Doc. 57 at 17 n.2.)

**C. Count II.**

Count II alleges that section 1012.795(1), "as applied by FDOE to sanction Plaintiff's off-duty, off-campus speech on a matter of public concern, is unconstitutionally vague and overbroad and fails to constrain arbitrary and viewpoint-based enforcement." (Doc. 57 ¶ 49.) It seeks declaratory and injunctive relief against FDOE and Commissioner Mack. (*Id.*) The prayer asks the Court to declare the statute unconstitutional and to restrain Defendants from enforcing it against McMath's protected speech. (*Id.* at 27, Prayer ¶¶ (a), (b).)

**D. The documents the Court may consider.**

The Court may consider a document outside the complaint if it is central to the plaintiff's claim and its authenticity is undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The Amended Recommended Order, attached as Exhibit A, meets that test; the Second Amended Complaint quotes it at length. (Doc. 57 ¶¶ 45, 53-54.) The Court may also take judicial notice of the order to determine what it says, though not for the truth of its findings. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). The Commissioner relies on it only for the procedural history of the administrative case. The Commissioner's exceptions and McMath's

response, attached as Exhibits B and C, are filings in the same proceeding, and the Court may take judicial notice of them to determine what they say. *Bryant*, 187 F.3d at 1278.

## MEMORANDUM OF LAW

## I. LEGAL STANDARDS

### A. Rule 12(b)(1): Facial challenges to subject-matter jurisdiction

Under Article III of the U.S. Constitution, federal courts exercise limited jurisdiction. A Rule 12(b)(1) motion contests subject-matter jurisdiction and may challenge the complaint's jurisdictional allegations on their face. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). In such cases, the Court assumes the truth of those allegations and asks whether they are sufficient to establish federal jurisdiction, using a standard similar to Rule 12(b)(6). *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam). The plaintiff bears the burden of establishing standing by showing injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). And "standing is not dispensed in gross"; a plaintiff must demonstrate standing "for each claim that [she] press[es]." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Courts must address these threshold jurisdictional questions first, because they cannot reach questions they never had jurisdiction to entertain. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

### B. Rule 12(b)(6): Pleading sufficiency and the plausibility standard

Rule 12(b)(6) allows dismissal of complaints that do not state a valid claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible if the facts support a reasonable inference of the defendant's liability; mere possible misconduct is insufficient. *Iqbal*, 556 U.S. at 678. The Court treats well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor, but legal conclusions and conclusory statements are not accepted. *Id.* at 678-79; *Twombly*, 550 U.S. at 555.

## II. YOUNGER REQUIRES THE COURT TO ABSTAIN FROM THE PENDING CERTIFICATE PROCEEDING.

*Younger* abstention reflects "the notion of 'comity,' that is, a proper respect for state functions." *Younger*, 401 U.S. at 44. It applies to three categories of state proceedings: criminal prosecutions, "civil enforcement proceedings," and civil proceedings involving orders uniquely in furtherance of the state courts' judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). When a federal suit would interfere with a proceeding in one of those categories, the court considers whether the state proceeding is ongoing, whether it implicates important state interests, and whether it provides an adequate opportunity to raise the federal

claims. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Leonard*, 61 F.4th at 907-08. If those factors are met, the federal court must abstain unless the plaintiff shows bad faith, harassment, or some other extraordinary circumstance. *Leonard*, 61 F.4th at 908, 911.

**A. The certificate proceeding is a civil enforcement proceeding akin to a criminal prosecution.**

Civil enforcement proceedings that trigger *Younger* are those "akin to a criminal prosecution" in "important respects." *Sprint*, 571 U.S. at 79 (quotation omitted). Such proceedings are "characteristically initiated to sanction the federal plaintiff . . . for some wrongful act," are brought by the State in its sovereign capacity, and commonly involve investigations, "often culminating in the filing of a formal complaint or charges." *Id.* at 79-80. The Supreme Court pointed to attorney discipline as the paradigm: in *Middlesex*, "an investigation and formal complaint preceded the hearing, an agency of the State's Supreme Court initiated the hearing," and the hearing's purpose was to decide whether the lawyer should be disciplined. *Id.* at 81.

Florida's educator-certificate proceeding has every one of those features. FDOE investigated. The Commissioner, acting for the State, found probable cause and filed a formal Administrative Complaint. The purpose of the proceeding is to decide whether McMath's certificate should be sanctioned. § 1012.796(1), (3), (6)-(7), Fla. Stat.; Doc. 57 ¶¶ 21-32. The Eleventh Circuit applied *Younger* to the same

kind of proceeding in *Leonard*, where a state pharmacy board had charged a licensed pharmacist after an investigation. 61 F.4th at 906-08. The certificate proceeding falls squarely within *Sprint*'s second category. It makes no difference that McMath sued the official who prosecutes the case rather than the Commission that decides it. *Younger* itself was a suit to enjoin a district attorney. 401 U.S. at 38-39. And the Commission's independence from the Commissioner, § 1012.79(6)(a), Fla. Stat., only confirms that the proceeding is a genuine adjudication.

**B. All three Middlesex factors are met.**

**First, the proceeding is ongoing.** *Younger* applies if the state proceeding was pending when the federal complaint was filed. *News-J. Corp. v. Foxman*, 939 F.2d 1499, 1510 (11th Cir. 1991). The Commissioner filed the Administrative Complaint on October 8, 2025, and the case was referred to the Division of Administrative Hearings on November 5, 2025. (Doc. 57 ¶ 29; Ex. A at 2.) McMath sued on December 8, 2025. (Doc. 1.) The proceeding remains pending today, as McMath concedes. (Doc. 57 at 17 n.2.) The Recommended Order does not end it. The Commission has yet to enter a final order, and even then *Younger* requires a party to exhaust state appellate remedies rather than run to federal court. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608-10 (1975).

**Second, the proceeding implicates important state interests.** A State has an "extremely important interest in maintaining and assuring the professional

conduct" of those it licenses. *Middlesex*, 457 U.S. at 434. That interest is at its height when the licensees are the teachers of the State's children. Florida has committed the certification and discipline of educators to a comprehensive statutory scheme. §§ 1012.795-.796, Fla. Stat. Alabama's interest in regulating pharmacists was enough in *Leonard*. 61 F.4th at 908. Florida's interest in regulating teachers is no less.

**Third, McMath has an adequate opportunity to raise her federal claims.** "[I]t is sufficient under *Middlesex* . . . that constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 629 (1986); *accord Leonard*, 61 F.4th at 909-10. Florida provides exactly that. Any final order is reviewable in a district court of appeal, § 120.68, Fla. Stat., and a teacher's First Amendment challenge to discipline "can be asserted for the first time in a Florida appellate court, provided the record is sufficient to adjudicate the claim." *Caggiano*, 403 So. 3d at 1084; *accord Fla. Hosp. v. Agency for Health Care Admin.*, 823 So. 2d 844, 849 (Fla. 1st DCA 2002). The administrative law judge allowed McMath to build that record for exactly that purpose. (Ex. A at 3.) And McMath has told the Commission that she "preserves her First Amendment arguments in full for any subsequent judicial review" and that, if the Commission rules against her, she "will pursue all available remedies, including those under the First and Fourteenth Amendments."

(Ex. C ¶¶ 30-31.) The burden is on McMath to show "that state procedural law barred presentation of [her] claims." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 14 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)); *accord Leonard*, 61 F.4th at 908. How any one meeting of the Commission unfolds does not bear on that question. She cannot meet her burden.

**C. No exception applies.**

The bad-faith exception is narrow. Bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975); *Leonard*, 61 F.4th at 911. Allegations that a government actor targeted the plaintiff do not meet that standard, because targeting "did not bear on the question of whether the prosecution had a 'reasonable expectation' of success." *Leonard*, 61 F.4th at 911 (discussing *Redner v. Citrus Cnty.*, 919 F.2d 646, 650 & n.8 (11th Cir. 1990)). Nor does an investigator's alleged personal hostility, which "says next to nothing about whether the Board's charges were instituted without a reasonable expectation of success." *Id.* at 913.

The Second Amended Complaint does not allege that the charges against McMath lacked a reasonable expectation of success. It alleges that, after a full evidentiary hearing, an administrative law judge found that the Commissioner had not proved them by clear and convincing evidence. (Doc. 57 ¶ 45.) That is how

an adjudication works. A charge that goes to a full hearing and is decided on the weight of the evidence is not a charge brought in bad faith. The Administrative Complaint charged specific violations of section 1012.795(1)(d), (g), and (j) and the Principles of Professional Conduct, based on a public post invoking "karma" on the day of a political assassination and a shared image of the President's severed head. (Ex. A at 2, ¶ 8.) Whatever the ultimate merits, those charges were not brought without a reasonable expectation of success. Nor do the outcomes of other cases against other educators change that. Each turns on its own facts, and none says anything about whether this charge had a reasonable expectation of success when it was filed.

The Eleventh Circuit has also recognized a harassment variant of the exception, for charges brought "for the purpose of retaliating for or deterring the exercise of constitutionally protected rights." *Leonard*, 61 F.4th at 911 (quoting *Wilson v. Thompson*, 593 F.2d 1375, 1383 (5th Cir. 1979)). But the plaintiff bears the burden to show it. *See id.* at 911-13. McMath's allegations of retaliatory motive are conclusions, and the central one is pleaded only "[u]pon information and belief." (Doc. 57 ¶¶ 29, 53.) Her own pleading shows that FDOE acted on a report that reached it the morning after her post, as the statute requires. (*Id.* ¶ 21; § 1012.796(1)(a), Fla. Stat.) And whether her speech was constitutionally protected

is the very question the Florida courts are positioned to decide on review of any final order. That is a reason to abstain, not a reason to intervene.

Finally, the statute is not "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph." *Younger*, 401 U.S. at 53-54 (quotation omitted); *see Leonard*, 61 F.4th at 913. Florida has disciplined educators under these provisions and their predecessors for decades, and its courts have rejected a vagueness challenge to the parallel "immorality" standard for teachers. *See infra* Part IV.B.

So, *Younger* requires the Court to abstain. Because Count II seeks only declaratory and injunctive relief, it should be dismissed.

## III. COUNT II IS NOT RIPE.

For similar reasons, Count II is not ripe. A claim is not ripe when it rests on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotation omitted). Count II challenges the statute "as applied" to McMath. (Doc. 57 ¶ 49.) But the statute has not yet been finally applied to her. The only decision so far recommends that the charges be dismissed. (*Id.* ¶ 45.) If the Commission adopts that recommendation, no sanction will ever be imposed, and there will be no application to challenge. If it does not, the Commission's reasoning, and any appellate court's, will define the application McMath would challenge. Either way,

the Court would be deciding an as-applied challenge before the application exists. That distinguishes cases permitting a license-holder to challenge an allegedly overbroad licensing scheme before her license is revoked. *See, e.g.*, *DLS, Inc. v. City of Chattanooga*, 107 F.3d 403, 414 (6th Cir. 1997). Those are facial challenges. Count II is not.

## IV. COUNT II FAILS TO STATE A CLAIM.

### A. There is no such thing as an as-applied overbreadth claim.

Count II alleges that section 1012.795(1) is "overbroad" "as applied" to McMath. (Doc. 57 ¶ 49.) The Eleventh Circuit has held that "an overbreadth claim is never as-applied; it is, by its nature, a facial challenge." *Labriola v. Miami-Dade Cnty.*, 142 F.4th 1305, 1313 n.4 (11th Cir. 2025) (citing *United States v. Williams*, 553 U.S. 285, 292 (2008)). The overbreadth claim fails as pleaded. And McMath does not plead a facial overbreadth claim. A statute is facially overbroad only if it prohibits "a substantial amount of protected speech relative to its plainly legitimate sweep." *United States v. Hansen*, 599 U.S. 762, 770 (2023) (quotation omitted). The Second Amended Complaint says nothing about the statute's applications to anyone other than McMath. The overbreadth theory should be dismissed with prejudice.

### B. The statutory terms are not unconstitutionally vague.

A law is void for vagueness only if it fails to give a person of ordinary intelligence fair notice of what is prohibited or is so standardless that it invites

arbitrary enforcement. *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972). "[P]erfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989). And standards governing the conduct of public employees need not enumerate every forbidden act. The Supreme Court upheld a federal statute permitting removal of employees "for such cause as will promote the efficiency of the service," recognizing that such standards cannot be defined with precision. *Arnett v. Kennedy*, 416 U.S. 134, 158-62 (1974) (plurality opinion).

The provisions at issue are far more specific than that. Section 1012.795(1)(d) reaches "gross immorality or an act involving moral turpitude as defined by rule of the State Board of Education," and the State Board has defined those terms in detail, with enumerated examples and factors. Fla. Admin. Code R. 6A-10.083; *see* Ex. A ¶¶ 27-28. Section 1012.795(1)(g) reaches "personal conduct that seriously reduces that person's effectiveness as an employee of the district school board." And section 1012.795(1)(j) reaches violations of the Principles of Professional Conduct, which the State Board has set out as specific obligations. Fla. Admin. Code R. 6A-10.081. In assessing vagueness, a federal court must take a state statute as the state courts have construed it. *Wainwright v. Stone*, 414 U.S. 21, 22-23 (1973) (per curiam). Florida's courts have applied these standards and their predecessors for decades, and they have rejected the claim that the term "immorality" in the

predecessor teacher-dismissal statute is vague: it "is sufficiently clear to designate actionable misconduct," and "[i]t would be impossible for the legislature to set forth and to define every immoral act justifying dismissal of a teacher." *Tomerlin v. Dade Cnty. Sch. Bd.*, 318 So. 2d 159, 160 (Fla. 1st DCA 1975). *See also HM Fla.-ORL, LLC v. Governor of Fla.*, 186 F.4th 776, 790-91 (11th Cir. 2026) (en banc) (holding that "lewd" is not vague because the Florida Supreme Court has authoritatively construed it).

Florida law also supplies the limiting principles that vagueness doctrine demands. Disciplinary statutes "must be strictly construed, with any ambiguity construed in the licensee's favor," and their words "may not be expanded to broaden their application." (Ex. A ¶ 23 (collecting cases).) The administrative law judge applied exactly those principles in McMath's own case. (*Id.* ¶¶ 30-39.) A statute that Florida construes narrowly and applies through a neutral hearing with a clear-and-convincing burden does not invite arbitrary enforcement. Count II fails to state a vagueness claim.

## V. THE ELEVENTH AMENDMENT LIMITS ANY RELIEF TO PROSPECTIVE RELIEF AGAINST ONGOING VIOLATIONS.

Even apart from those defects, the Eleventh Amendment confines Count II. A suit against the Commissioner in his official capacity is a suit against the State. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *Ex parte Young*, 209 U.S. 123 (1908), permits only prospective relief against an ongoing violation of federal law.

It does not permit a declaration that past conduct violated federal law. *Green v. Mansour*, 474 U.S. 64, 73 (1985). To the extent Count II or the prayer seeks a declaration about the investigation, the probable-cause determination, or the charging decision, the Eleventh Amendment bars it. And the prayer's requests for damages and for reinstatement to a School District position (Doc. 57 at 27, Prayer ¶¶ (c), (e)) are not relief that *Ex parte Young* permits against the Commissioner, who is not McMath's employer.

**CONCLUSION**

Commissioner Henry Mack respectfully requests that the Court dismiss Count II of the Second Amended Complaint as to him, and dismiss its overbreadth theory with prejudice.

Dated: October 30, 2026

Respectfully submitted,

/s/ Adam B. Brandon
Jason B. Gonzalez (FBN: 146854)
Samuel J. Salario, Jr. (FBN: 83460)
Michael C. Kelley (FBN: 99492)
Eric C. Reed (FBN: 0557161)
Adam B. Brandon (FBN: 99316)
LAWSON HUCK GONZALEZ, PLLC
101 E. College Avenue, 5th Floor
Tallahassee, Florida 32301
jason@lawsonhuckgonzalez.com
samuel@lawsonhuckgonzalez.com
michael@lawsonhuckgonzalez.com
eric@lawsonhuckgonzalez.com
adam@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com

*Counsel for Defendant Commissioner of Education Henry Mack*

**LOCAL RULE 3.01(g) CERTIFICATE**

I HEREBY CERTIFY that undersigned counsel conferred with counsel for Plaintiff by email regarding the relief requested in this motion. Plaintiff opposes the motion in its entirety.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Adam B. Brandon
Attorney