**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

HOPE McMATH,

Plaintiff,

v. Case No. 3:25-cv-1498-HES-LLL

THE SCHOOL BOARD OF DUVAL COUNTY, FLORIDA, et al.,

Defendants.
________________________________________/

**DEFENDANT CHARLOTTE JOYCE'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Charlotte Joyce, sued in her individual capacity, moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss every claim that Plaintiff Hope McMath asserts against her in the Second Amended Complaint (Doc. 57).[1] Those claims are Count III (First Amendment retaliation), Count IV (viewpoint discrimination), and Count VIII (right to petition and public-forum viewpoint discrimination). In support, Ms. Joyce states:

[1] The Second Amended Complaint sues Ms. Joyce only in her individual capacity. (Doc. 57 ¶ 8.) To the extent any count could be read to assert an official-capacity claim against her, that claim would be a claim against the School Board of Duval County, which is already a defendant, and it should be dismissed as redundant. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

## INTRODUCTION

Charlotte Joyce is a defendant in three counts of this lawsuit. But the Second Amended Complaint never says what she did. Her name appears in the caption, in the headings of Counts III, IV, and VIII, and in one numbered paragraph. That paragraph says she chaired the School Board, that she is sued in her individual capacity, and that she lives in Duval County. (Doc. 57 ¶ 8.) She is not mentioned anywhere else in the pleading's seventy-three paragraphs.

The Second Amended Complaint does not allege that Ms. Joyce reported McMath's social-media post to anyone. It does not allege that she opened an investigation, reassigned McMath, disciplined her, voted on anything concerning her, or said a word about her. It does not allege that she did anything at the October 7, 2025 Board meeting, the only event on which Count VIII rests. It attributes no act to her at all.

That is not an oversight. McMath's Amended Complaint at least tried to say something about Ms. Joyce. It alleged that she signed a Moms for Liberty pledge, was endorsed by that group, wore a Turning Point t-shirt on the dais, advocated for both organizations, and "censured and referenced Ms. McMath's speech" at Board meetings. (Doc. 28 ¶ 18(a)-(e).) When this Court rejected McMath's proposed Second Amended Complaint, it explained that allegations of endorsement, support, and matching t-shirts do not show an agreement to violate

anyone's rights. (Doc. 49 at 10.) It then gave McMath "one final opportunity to amend." (*Id.* at 4.) McMath responded by deleting every allegation about Ms. Joyce and keeping her in the case anyway.

Section 1983 does not allow that. Liability under the statute is personal. A plaintiff must plead what each defendant did, and a title is not an act. Because the Second Amended Complaint alleges nothing that Ms. Joyce did, every count against her fails. Count VIII fails for the additional reason that McMath never alleges that she tried to speak to, or petition, the Board. She has no standing to complain about how the Board ran a meeting she does not claim to have attended. And Ms. Joyce is entitled to qualified immunity. McMath has had her final opportunity. The claims against Ms. Joyce should be dismissed with prejudice.

**BACKGROUND**

McMath filed this suit on December 8, 2025. (Doc. 1.) She amended her complaint on February 25, 2026. (Doc. 28.) The Government Defendants, including Ms. Joyce, moved to dismiss the Amended Complaint. (Doc. 30.) McMath then sought leave to file a Second Amended Complaint. (Doc. 42.)

On August 26, 2026, this Court denied leave to file the proposed pleading because it failed to state a claim against the Moms for Liberty defendants and was a shotgun pleading. (Doc. 49 at 4, 7-14.) Among other defects, the Court found that the proposed pleading "asserts multiple claims against multiple defendants

without identifying the acts or omissions attributable to each defendant," and so "does not adequately notify each defendant of the factual grounds for each claim against them." (*Id.* at 12-14.) The Court gave McMath "one final opportunity to amend." (*Id.* at 4.) It warned that failure to file a Second Amended Complaint would "result in the immediate dismissal of this action." (*Id.* at 14.)

McMath filed the Second Amended Complaint on September 21, 2026. (Doc. 57.) As relevant here, it alleges that McMath, then a teacher at Douglas Anderson School of the Arts, posted about the death of Charlie Kirk on her personal Facebook account on September 10, 2025. (*Id.* ¶¶ 6, 19-20.) It alleges that the Florida Department of Education ("FDOE") and the School Board each investigated the post, that the School Board reassigned McMath out of the classroom, and that the Commissioner of Education pursued discipline against her educator certificate. (*Id.* ¶¶ 21-34, 43.) It alleges that an administrative law judge has recommended dismissal of the certificate charges. (*Id.* ¶ 45.) And it asserts three claims against Ms. Joyce: First Amendment retaliation (Count III), viewpoint discrimination (Count IV), and a right-to-petition and public-forum claim (Count VIII). (*Id.* ¶¶ 50-56, 68-69.)

# MEMORANDUM OF LAW

## I. LEGAL STANDARDS

### A. Rule 12(b)(1): Facial challenges to subject-matter jurisdiction

Under Article III of the U.S. Constitution, federal courts exercise limited jurisdiction. A Rule 12(b)(1) motion contests subject-matter jurisdiction and may challenge the complaint's jurisdictional allegations on their face. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). In such cases, the Court assumes the truth of those allegations and asks whether they are sufficient to establish federal jurisdiction, using a standard similar to Rule 12(b)(6). *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam). The plaintiff bears the burden of establishing standing by showing injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). And "standing is not dispensed in gross"; a plaintiff must demonstrate standing "for each claim that [she] press[es]." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Courts must address these threshold jurisdictional questions first, because they cannot reach questions they never had jurisdiction to entertain. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

### B. Rule 12(b)(6): Pleading sufficiency and the plausibility standard

Rule 12(b)(6) allows dismissal of complaints that do not state a valid claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible if the facts support a reasonable inference of the defendant's liability; mere possible misconduct is insufficient. *Iqbal*, 556 U.S. at 678. The Court treats well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor, but legal conclusions and conclusory statements are not accepted. *Id.* at 678-79; *Twombly*, 550 U.S. at 555.

### C. Section 1983: Personal participation, causation, and limits on liability

Section 1983 provides a cause of action against any person who, acting under color of state law, deprives another of a right secured by the Constitution or federal law. *Monroe v. Pape*, 365 U.S. 167, 171 (1961). To state a claim under Section 1983, a plaintiff must plausibly allege that a federal right was violated and that the defendant's own conduct caused the violation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Each official, "his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677. So supervisors and government officials are not liable solely based on their position or authority. *Cottone*, 326 F.3d at 1360.

## II. McMATH HAS NO STANDING TO CHALLENGE HOW THE BOARD RAN A MEETING AT WHICH SHE NEVER TRIED TO SPEAK (COUNT VIII).

Count VIII alleges that the October 7, 2025 Board meeting "was a designated or limited public forum" and that "Defendants administered that forum in a viewpoint-discriminatory manner, including by amplifying an anonymous attack on Plaintiff while disfavoring speech supporting her." (Doc. 57 ¶ 69.) The count is styled a claim for violation of the "Right to Petition." (*Id.* at 25.)

What the count does not allege is any injury to McMath's own rights of speech or petition. McMath does not allege that she attended the meeting. She does not allege that she signed up to speak, asked to speak, was denied time, was cut off, or submitted anything to the Board. She does not allege that she petitioned the Board for anything at all. The only fact about the meeting that the count incorporates is that the Vice Chair read aloud a letter that criticized McMath. (*Id.* ¶¶ 35, 68.)

That is not an Article III injury to McMath's forum or petition rights. An injury in fact must be concrete and particularized, which means it "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. And a plaintiff "generally must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *accord Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004).

The Eleventh Circuit has recognized that a would-be speaker who reasonably censors herself because of a school board's public-comment rules may have standing to seek prospective relief against those rules. *Moms for Liberty - Brevard Cnty. v. Brevard Pub. Schs.*, 118 F.4th 1324, 1330 (11th Cir. 2024). But McMath does not allege that she wanted to speak, that she held back, or that any rule chilled her. And against Ms. Joyce, sued in her individual capacity, McMath seeks damages for a completed injury, which requires that her own rights have been violated. A public-forum claim protects a speaker's access to the forum. A petition claim protects the act of petitioning. McMath alleges neither. If some supporter of McMath's received less time or a cooler reception than McMath would have liked, the claim belongs to that supporter. And being criticized from the dais does not restrict the forum rights of the person criticized.

The Government Defendants made this point against the Amended Complaint. (Doc. 30 at 21.) McMath did not respond to it. (*See* Doc. 40.) The Second Amended Complaint does not cure it. Because McMath alleges no injury to her own rights of speech or petition, Count VIII should be dismissed under Rule 12(b)(1).

## III. THE SECOND AMENDED COMPLAINT DOES NOT ALLEGE A SINGLE ACT BY CHARLOTTE JOYCE (COUNTS III, IV, AND VIII).

Section 1983 liability rests on what each defendant did. *Iqbal*, 556 U.S. at 676-77; *Cottone*, 326 F.3d at 1360. On most motions to dismiss, the Court must separate

conclusions from facts. Here there is nothing to separate. Every factual allegation in the Second Amended Complaint describes someone other than Ms. Joyce.

Take the pleading's own account. According to the Second Amended Complaint, an unidentified sender transmitted a screen capture of McMath's post to FDOE. (Doc. 57 ¶¶ 21-22.) FDOE's Chief of Professional Practices Services asked the School District to confirm McMath's employment, and FDOE then scheduled a school visit and mailed McMath a letter. (*Id.* ¶¶ 23-24.) Moms for Liberty-Duval submitted a complaint to the School District. (*Id.* ¶ 25.) An anonymous emailer wrote to FDOE. (*Id.* ¶ 26.) McMath alleges, on information and belief, that the Commissioner directed FDOE's investigation. (*Id.* ¶ 29.) FDOE's investigator interviewed students, and the School District's investigator interviewed McMath. (*Id.* ¶¶ 31, 33.) The Vice Chair read a letter at a Board meeting. (*Id.* ¶ 35.) Another Board member appointed Ellye Smith Aull to a subcommittee. (*Id.* ¶ 37.) The School District reassigned McMath. (*Id.* ¶ 43.) An administrative law judge recommended dismissal of the certificate charges. (*Id.* ¶ 45.) Ms. Joyce is not the actor in any of these allegations. She is not mentioned in any of them.

The counts do not fill the gap. They accuse "Defendants" as a group. (*Id.* ¶¶ 52-53, 56, 69.) But lumping defendants together is the very defect this Court identified in the proposed Second Amended Complaint: a pleading that "asserts multiple claims against multiple defendants without identifying the acts or

omissions attributable to each defendant" does not give each defendant notice of the claims against it. (Doc. 49 at 12-14 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)).) Count III is the clearest example. It says that five defendants, collectively, took four adverse actions: "opening an investigation, reassigning her, removing her from the classroom, and pursuing certificate discipline." (Doc. 57 ¶ 52.) Ms. Joyce is left to guess which of those she is supposed to have done. The rest of the pleading supplies the answer. She did none of them.

Two paragraphs deserve a word. Paragraph 38 alleges that "sitting members of the DCPS School Board, including Anthony Ricardo," posted political content on social media and were not investigated. (*Id.* ¶ 38.) That paragraph does not say that Ms. Joyce posted anything. It does not say that she decided whom to investigate. It describes the speech of a Board member who is no longer a defendant. And paragraph 67 asserts that Board "members participated in and amplified the campaign against Plaintiff." (*Id.* ¶ 67.) That is a conclusion without a fact, which the Court does not accept as true. *Iqbal*, 556 U.S. at 678. It also sits in Count VII, a *Monell* claim against the School Board alone. None of the counts against Ms. Joyce incorporates it. (Doc. 57 ¶¶ 50, 55, 68.)

What remains is Ms. Joyce's title. Paragraph 8 says she was "at all material times the Chair of the DCPS School Board." (*Id.* ¶ 8.) But a title is not an act, and

chairing a school board is not a constitutional violation. Each official, "his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. McMath alleges no misconduct by Ms. Joyce.

Nor could the title supply the missing act. Under Florida law, "[t]he district school board, acting as a board," exercises the Board's powers. § 1001.42, Fla. Stat. So "[a]n individual School Board member does not have authority to act alone." *Fla. Fam. Ass'n, Inc. v. Sch. Bd. of Hillsborough Cnty.*, 494 F. Supp. 2d 1311, 1323 (M.D. Fla. 2007). And transfers of district employees start with the superintendent, who recommends them and may make them in an emergency; the Board acts only on his recommendation. §§ 1012.22(1)(e), 1012.27(4), Fla. Stat. The Second Amended Complaint does not allege that the Board ever voted on McMath's reassignment, much less that Ms. Joyce did anything to bring it about. Nor does the title make her answerable for what others did. Even a supervisor is liable under Section 1983 only if she personally participated in the violation or there is a causal connection between her actions and it. *Cottone*, 326 F.3d at 1360. Ratification, for its part, is a theory of municipal liability, not individual liability. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality opinion). And McMath cannot fill the gap by promising that discovery will supply the facts. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

*Iqbal*, 556 U.S. at 678-79. The absence of any act by Ms. Joyce requires dismissal of Counts III, IV, and VIII as to her. But each count also fails on its own terms.

## IV. EACH COUNT FAILS ON ITS OWN TERMS AS TO MS. JOYCE.

### A. Count III: Ms. Joyce took no adverse action against McMath.

To state a First Amendment retaliation claim, a plaintiff must allege that her speech was constitutionally protected, that "the defendant's retaliatory conduct adversely affected the protected speech," and that there is a causal connection between the two. *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). In the public-employment setting, the plaintiff must likewise show that her speech played a substantial part in the decision to take an adverse employment action against her. *Moss v. City of Pembroke Pines*, 782 F.3d 613, 617-18 (11th Cir. 2015). Under either formulation, the defendant must have done something to the plaintiff.

Ms. Joyce did not. The Second Amended Complaint attributes each of the four adverse actions in Count III to someone else. FDOE opened its investigation. (Doc. 57 ¶¶ 23-24.) The School District reassigned McMath and removed her from the classroom. (*Id.* ¶ 43.) The Commissioner pursued certificate discipline. (*Id.* ¶¶ 29, 43, 45.) A Board Chair who took none of those actions did not retaliate by taking them. And without an adverse action by Ms. Joyce, there is nothing for McMath's speech to have caused. Count III fails as to Ms. Joyce.

**B. Count IV: Ms. Joyce regulated no speech, much less on the basis of viewpoint.**

Count IV alleges that "Defendants targeted Plaintiff's speech because of the viewpoint it expressed, while not subjecting comparable speech expressing favored viewpoints to investigation or discipline." (*Id.* ¶ 56.) Viewpoint discrimination is government action. The First Amendment requires the government to "abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995). So a viewpoint-discrimination claim against an individual official requires an allegation that the official regulated, punished, or burdened the plaintiff's speech because of its message.

There is no such allegation here. The Second Amended Complaint does not allege that Ms. Joyce investigated McMath, disciplined her, or restricted her speech in any way. It does not allege that Ms. Joyce decided to investigate McMath or decided not to investigate anyone else. Its only comparator is another Board member's social-media account, and Ms. Joyce is not alleged to have had any role in deciding whether anyone would be investigated for anything. (*Id.* ¶ 38.) Count IV fails as to Ms. Joyce.

### C. Count VIII: The count alleges nothing about the Chair.

Even if McMath had standing, Count VIII would fail as to Ms. Joyce. The count incorporates only paragraphs 35 through 45. (*Id.* ¶ 68.) The only one that describes the Board meeting says that "Vice Chair April Carney read aloud, without attribution, an anonymous parent letter attacking Plaintiff by name." (*Id.* ¶ 35.) It says nothing about the Chair. The count does not allege that Ms. Joyce set the agenda, ran public comment, enforced a time limit, cut off a speaker, or disfavored anyone. Its reference to "disfavoring speech supporting her" (*id.* ¶ 69) is a label with no fact behind it, and it too is pleaded against "Defendants" as a group.

The Eleventh Circuit often classifies public comment periods at school-board meetings as limited public fora. *Huggins v. Sch. Dist. of Manatee Cnty.*, 151 F.4th 1268, 1280 (11th Cir. 2025) (citing *McDonough v. Garcia*, 116 F.4th 1319, 1328-29 (11th Cir. 2024) (en banc)). In a limited public forum, restrictions on speech "only must be reasonable and viewpoint neutral." *Bloedorn v. Grube*, 631 F.3d 1218, 1231 (11th Cir. 2011). A claim that such a forum was administered in a viewpoint-discriminatory way must at least identify a speaker whose viewpoint was restricted and the defendant who restricted it. Count VIII identifies neither. It fails as to Ms. Joyce.

## V. MS. JOYCE IS ENTITLED TO QUALIFIED IMMUNITY.

Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). For that reason, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. at 232 (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)).

An official invoking qualified immunity must first show that she was acting within her discretionary authority. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265-66 (11th Cir. 2004). The only role the Second Amended Complaint ascribes to Ms. Joyce is that of Chair of the School Board, and it sues her for "actions taken under color of state law" in that role. (Doc. 57 ¶ 8.) Whatever McMath imagines Ms. Joyce did, she imagines it was done in the course of Ms. Joyce's duties as an elected Board member. So the burden shifts to McMath to show that qualified immunity does not apply. *Cottone*, 326 F.3d at 1358.

McMath must show both that Ms. Joyce violated a constitutional right and that the right was clearly established, in terms specific enough that "every reasonable official would have understood that what he is doing violates that

right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (cleaned up). She cannot carry the first burden, because she identifies no conduct by Ms. Joyce. And she cannot carry the second, because no decision of the Supreme Court, the Eleventh Circuit, or the Supreme Court of Florida holds a school board chair personally liable for acts that the complaint attributes to others. The qualified-immunity inquiry is made defendant by defendant, based only on what that defendant did. *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018). For Ms. Joyce, there is nothing to evaluate. She is entitled to qualified immunity on Counts III, IV, and VIII.

## VI. McMATH HAS HAD HER FINAL OPPORTUNITY, AND DISMISSAL SHOULD BE WITH PREJUDICE.

This is the fourth complaint McMath has drafted and the third she has filed. (Docs. 1, 28, 42-1, 57.) When this Court rejected the third, it told McMath that she would receive "one final opportunity to amend." (Doc. 49 at 4.) She used it to delete what little she had alleged against Ms. Joyce.

Nor has McMath pleaded in the dark. By her own account, she has taken discovery and tried her certificate case to a full evidentiary hearing. (Doc. 57 ¶¶ 45, 54.) With that record in hand, she still alleges nothing that Ms. Joyce did. A district court need not permit further amendment when amendment would be futile. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). And a plaintiff who has been given a chance to cure a shotgun pleading and has not done so is not

entitled to another. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). Both principles apply here.

**CONCLUSION**

Defendant Charlotte Joyce respectfully requests that the Court dismiss Counts III and IV of the Second Amended Complaint as to her with prejudice, and dismiss Count VIII as to her for lack of subject-matter jurisdiction or, in the alternative, with prejudice.

Dated: October 30, 2026

Respectfully submitted,

<u>/s/ Adam B. Brandon</u>
Jason B. Gonzalez (FBN: 146854)
Samuel J. Salario, Jr. (FBN: 83460)
Michael C. Kelley (FBN: 99492)
Eric C. Reed (FBN: 0557161)
Adam B. Brandon (FBN: 99316)
LAWSON HUCK GONZALEZ, PLLC
101 E. College Avenue, 5th Floor
Tallahassee, Florida 32301
jason@lawsonhuckgonzalez.com
samuel@lawsonhuckgonzalez.com
michael@lawsonhuckgonzalez.com
eric@lawsonhuckgonzalez.com
adam@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com

*Counsel for Defendant Charlotte Joyce*

## LOCAL RULE 3.01(g) CERTIFICATE

I HEREBY CERTIFY that undersigned counsel conferred with counsel for Plaintiff by email regarding the relief requested in this motion. Plaintiff opposes the motion in its entirety.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Adam B. Brandon
Attorney