UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | |
|---|---|
| Hope McMath,<br>Plaintiff,<br><br>v.<br><br>School Board of Duval Cnty., et al.,<br><br>Defendants. | Case No.: 3:25-cv-01498-HES-LLL |

## DEFENDANT MOMS FOR LIBERTY–DUVAL'S MOTION TO QUASH SERVICE OF PROCESS AND TO DISMISS ACTION FOR FAILURE OF SERVICE

## WITH INCORPORATED MEMORANDUM OF LAW

Defendant Moms for Liberty–Duval ("MFL-Duval") moves under Federal Rule of Civil Procedure 12(b)(5) to quash Plaintiff Hope McMath's attempted service of process on MFL-Duval via Ms. Tina Descovich. Because the time to properly serve MFL-Duval has long expired under Rule 4(m), MFL-Duval further moves to dismiss it from this action with prejudice.[1]

This is McMath's second failed attempt to serve MFL-Duval. On August 26, 2026, this Court quashed her first attempt (Dkt. 49 at 5–6, 14), which was made on the

[1] This Motion is directed solely at the attempted service on Ms. Tina Descovich, which occurred after MFL-Duval filed its pending joint Motion to Dismiss (Dkt. 60). The specific service defects did not exist, and were therefore unavailable to MFL-Duval, when it filed its Motion to Dismiss on October 5, 2026. *See* Fed. R. Civ. P. 12(g)(2). MFL-Duval appears specially for the limited purpose of contesting service, and its appearances do not waive any jurisdictional defenses. MFL-Duval fully preserves every defense raised in its Motion to Dismiss, including its defense that it lacks the legal capacity to be sued under Rule 17(b)(3) and Florida law, as well as all other defenses available under Rule 12(b).

17-year-old son of Tina Descovich, a co-founder of Defendant *Moms for Liberty, Inc.* ("MFL, Inc."), **not MFL-Duval**. Undeterred by the Court's ruling, McMath simply sent a process server back to the exact same residential address, this time dropping the summons and her Second Amended Complaint with Ms. Descovich after the proposed summons incorrectly described her as an "RA" of "Moms for Liberty – Duval Chapter." (Dkt. 66.)

Service on Ms. Descovich failed to effectuate valid service of process on MFL-Duval for two independent reasons.

*First*, Ms. Descovich is not an agent authorized by appointment or by law to receive service of process for MFL-Duval under Rule 4(h)(1). As she confirms in the accompanying declaration, Ms. Descovich holds no position within MFL-Duval, does not direct or manage its activities, and has never been appointed or authorized by MFL-Duval or its members to accept service. (Declaration of Tina Descovich ["Descovich Decl."] ¶¶ 9, 13–14, attached as **Exhibit 1**.) Simply labeling Ms. Descovich as the "RA" on the summons is insufficient to bind a third party with authority to accept service on behalf of a defendant.

*Second*, even if McMath had attempted service on an actual member of MFL-Duval, Florida law provides no statutory mechanism to serve a voluntary unincorporated association through a single representative or officer. MFL-Duval is a local, unincorporated association. An unincorporated association lacks the legal capacity to be sued in its own name and can only be sued through the individual members composing it. *See Johnston v. Meredith*, 840 So. 2d 315, 316 (Fla. 3d DCA

2003); *Asociacion de Perjudicados v. Citibank, F.S.B.*, 770 So. 2d 1267, 1269 & n.3 (Fla. 3d DCA 2000). Because an unincorporated association has no legal existence separate from its members, no individual member possesses authority to accept service on behalf of the entire membership. *See* 3A Fla. Jur 2d Associations and Clubs § 24. Consequently, to effectuate valid service upon an unincorporated association under Florida law, a plaintiff must personally serve each individual member. *See id.* Service on Ms. Descovich—a third-party non-member—fails to satisfy this requirement.

McMath has now failed twice to effectuate service, and the 90-day period under Rule 4(m) expired long ago, **in March 2026**. Because McMath cannot demonstrate good cause for her repeated failure to comply with the rules of service, the Court should quash service and dismiss MFL-Duval from this action.

## BACKGROUND

The Second Amended Complaint asserts two counts against MFL-Duval: tortious interference under Florida law (Count VI) and First Amendment retaliation under 42 U.S.C. § 1983 (Count IX). (Dkt. 57.) McMath alleges that MFL-Duval is "the Duval County chapter or affiliate" of MFL, Inc. and "an unincorporated association." (Dkt. 57 ¶ 14.) MFL-Duval is not incorporated in Florida, it is not registered with the Florida Division of Corporations, and it has no legal existence separate from its individual members. (Descovich Decl. ¶¶ 15–16.)

McMath initiated this action on December 8, 2025. (Dkt. 1.) On December 16, 2025, she attempted to serve MFL-Duval by delivering a summons and complaint to William Descovich at a residential address. (Dkt. 49 at 5.) William Descovich is Ms.

Descovich's 17-year-old son and has no affiliation with MFL-Duval. (*Id.* [citing Dkt. 31-1 ¶¶ 7–8].) McMath separately asserted that she had served MFL-Duval by serving Duval County Public Schools Board Member April Carney, but that summons was directed to Carney individually, not to MFL-Duval. (*Id.* at 6 [citing Dkt. 33 at 14–15; Dkts. 3, 7].) MFL-Duval moved to quash (Dkt. 31), and on August 26, 2026, this Court granted the motion (Dkt. 49 at 14). The Court held that service on William Descovich failed to satisfy Rule 4(h)(1) and that a summons directed to Carney was not a summons directed to MFL-Duval as Rule 4(a)(1)(B) requires. (*Id.* at 5–6.)

In opposing MFL-Duval's prior motion, McMath complained that MFL-Duval was difficult to serve because it lacked a registered agent, identifiable officers, or a public office. (Dkt. 33 at 12–14.) The Court correctly rejected that argument, holding that such difficulty did not excuse noncompliance with Rule 4. (Dkt. 49 at 6.)

The Court did not set a new deadline to serve MFL-Duval. It granted McMath leave to file a Second Amended Complaint (Dkt. 49 at 14), which she did (Dkt. 57). The Second Amended Complaint makes no mention of Tina Descovich. On October 5, 2026, MFL-Duval moved to dismiss the Second Amended Complaint under Rule 12(b)(5) because McMath had still failed to serve MFL-Duval. (Dkt. 60 at 1, 8–9.)

Eight days later, on October 13, 2026, McMath filed a proposed summons directed to "MOMS FOR LIBERTY – DUVAL CHAPTER c/o Tina Descovich as RA." (Dkt. 66 at 1.) Ms. Descovich is a co-founder of **MFL, Inc**. (Dkt. 31-1 ¶ 7.) She is not a member or officer of MFL-Duval, she is not its registered agent, she has never been appointed or authorized to accept service for it, and she has no role in its

operation. (Descovich Decl. ¶¶ 8–14.) Nevertheless, on October 24, 2026, a process server delivered the summons and the Second Amended Complaint to Ms. Descovich at her home address. (*Id.* ¶¶ 3–7.)

## LEGAL STANDARD

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Without proper service of process, a district court lacks both personal jurisdiction over a defendant and power to render a judgment." *Yaniga v. Fla. Dep't of Transp.*, 2011 WL 6338910, at *1 (M.D. Fla. Dec. 19, 2011) (citations omitted).

The plaintiff bears the burden of ensuring proper service of a summons and complaint. *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (citing Fed. R. Civ. P. 4(c)(1)). "Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014). Upon a showing of insufficient service of process, Rule 12(b)(5) authorizes district courts to either dismiss the complaint or quash service and require the plaintiff to perfect service. *See Grisales v. Ocala Nat'l Bank*, 2013 WL 12155961, at *6 (M.D. Fla. May 16, 2013).

## ARGUMENT

### A. Delivering the summons to Ms. Descovich fails under Rule 4 because she is not an officer or agent of MFL-Duval.

McMath's attempted service on Ms. Descovich does not comply with Rule 4(h)(1)(B) as she is neither an officer, managing or general agent, nor an authorized agent of MFL-Duval. Rule 4(h)(1) authorizes two methods for serving an unincorporated association: (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual" (which incorporates state law), Fed. R. Civ. P. 4(h)(1)(A); or (2) by delivering the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B). As this Court previously observed, Rule 4(h) does "not contain a subsection similar to Rule 4(f)(3)'s broad conferral of judicial discretion to endorse alternative forms of service." (Dkt. 49 at 5–6 (quoting *Birmingham v. Doe*, 593 F. Supp. 3d 1151, 1157 (S.D. Fla. 2022))).

Ms. Descovich is not an officer, managing agent, general agent, or designated agent of MFL-Duval. (Descovich Decl. ¶¶ 11–13.) She is not a member or officer of MFL-Duval, has never been its registered agent, has never been appointed to accept service on its behalf, and holds no position within it. (*Id.* ¶¶ 8–11, 14.) The Second Amended Complaint does not mention her, let alone allege that she maintains any relationship with MFL-Duval. (*See generally* Dkt. 57.) McMath carries the heavy burden of establishing that Ms. Descovich falls within the scope of Rule 4(h)(1)(B), *see Fitzpatrick*, 580 F. App'x at 694, and she cannot meet that burden here.

Nor can McMath manufacture agency status by simply typing a title on a court form. Describing Ms. Descovich as MFL-Duval's "RA" on the proposed summons (Dkt. 66 at 1) is a legal fiction. An agent is registered only when an entity formally designates one with the State. *See generally Seshie-Mensah v. Courtesy Auto Grp.*, 2010 WL 11629026, at *2 (M.D. Fla. Feb. 11, 2010) (discussing registered agents under Florida corporation law). Because MFL-Duval is an unregistered unincorporated association, it has designated no agent for service of process. (Dkt. 31-1 ¶¶ 3–6.)

McMath's tactical labeling also directly contradicts her prior judicial assertions. McMath previously argued to this Court that MFL-Duval made itself impossible to serve precisely because it *failed* to maintain a registered agent. (*Contrast* Dkt. 33 at 12–13, *with* Dkt. 66.). McMath cannot credibly argue that MFL-Duval has no registered agent to defeat a motion to quash, while simultaneously inventing one on a summons to perfect service. This Court already rejected McMath's attempt to excuse compliance with Rule 4 (*id.*), and labeling a third party as an "RA" does not rescue her.

Finally, that Ms. Descovich is a co-founder of MFL, Inc.—a distinct, national entity with which MFL-Duval is affiliated—is legally irrelevant. Rule 4(h)(1)(B) evaluates whether the individual served is an officer or authorized agent *of the specific defendant being served*, not of a separate affiliate or local chapter. *See* 62B Am. Jur. 2d Process § 239 ("Generally, service on … affiliate of a corporate defendant is not service on the defendant.") This Court previously held that service on Ms. Descovich's son failed because he was neither an officer nor an agent authorized to accept service for MFL-Duval. (Dkt. 49 at 5–6.) Regardless of whether service is attempted on a parent

or a child, a relationship with MFL, Inc.'s founders is no substitute for legal authority to accept service on behalf of *MFL-Duval*.

**B. Florida law independently forecloses service through Ms. Descovich because an unincorporated association must be sued and served through its individual members.**

Florida law forecloses service through Ms. Descovich. Under Florida law, service on an individual in federal court incorporates state law, requiring personal delivery or substituted service at the usual place of abode with a resident aged 15 or older. *See* Fed. R. Civ. P. 4(e)(1); Fla. Stat. § 48.031(1)(a). For an unincorporated association like MFL-Duval, Florida law is clear: the entity has no capacity to sue or be sued in its own name. *See Asociacion de Perjudicados v. Citibank, F.S.B.*, 770 So. 2d 1267, 1269 & n.3 (Fla. 3d DCA 2000); *Johnston v. Meredith*, 840 So. 2d 315, 316 (Fla. 3d DCA 2003).

Furthermore, Florida provides no statutory mechanism for serving voluntary unincorporated associations through a single designated representative. *See* 3A Fla. Jur. 2d *Associations and Clubs* § 24 ("[T]he individual members of a voluntary nonprofit unincorporated association in no way represent the entity through which the association functions, nor can one individual member be subject to personal judgment by service on another member," thus "service of process is effective against an association only if it is served on each member individually"). Instead, such an entity "must sue or be sued in the names of the individuals composing it rather than its firm name." *Johnston*, 840 So. 2d at 316 (citing *Asociacion*, 770 So. 2d at 1269 n.3).

*Johnston* is directly on point. There, the plaintiff sued Kappa Sigma Fraternity and its Epsilon Beta chapter—both voluntary, unincorporated associations. The court held that the plaintiff's service on the District Grand Master, a high-ranking officer, was improper because the plaintiff was required to serve all members for both associations. 840 So. 2d at 316. The court thus held that "the trial court erred in denying the Motion to Quash Service of Process because such an association must sue or be sued in the names of the individuals composing it rather than its firm name." *Id.* If service on a corporate officer who is an active member is legally insufficient to reach an unincorporated association under Florida law, service on Ms. Descovich—who is not even a member of MFL-Duval (Descovich Decl. ¶ 10)—is *a fortiori* defective.

Delivering process to a non-member serves neither MFL-Duval nor any of its members. The individual McMath alleges to be associated with MFL-Duval, Defendant, Ellye Smith Aull, executed a waiver of service *solely in her individual capacity*. (Dkt. 58.) A waiver by a single individual defendant does not constitute service on an association or its remaining members, because "[t]he individual members of a voluntary nonprofit unincorporated association in no way represent the entity through which the association functions, nor can one individual member be subject to personal judgment by service on another member." 3A Fla. Jur 2d Associations and Clubs § 24.

McMath's federal Section 1983 claim (Count IX) does not warrant a separate result. Even assuming that Rule 17(b)(3)(A)'s federal-right exception brings MFL-Duval within Rule 4(h)(1) as an entity subject to suit under a common name,

attempted service through Ms. Descovich fails because she is neither a constituent member subject to service under state law nor an officer, managing agent, or authorized representative under federal law. (Descovich Decl. ¶¶ 9–13.)

**C. Dismissal under Rule 4(m) is warranted because McMath has failed twice to perfect service and cannot show good cause.**

Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice—"must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). A court is mandated to extend the deadline only if "the plaintiff shows good cause for the failure." *Id.*

McMath filed this action on December 8, 2025. (Dkt. 1.) The mandatory 90-day service window expired in March 2026. Ten months after initiating suit, and nearly two months after this Court quashed her first improper attempt at service, McMath merely filed a new proposed summons directed to a non-party with no connection to MFL-Duval. (Descovich Decl. ¶¶ 3–7.)

McMath cannot demonstrate good cause. As early as March 18, 2026, MFL-Duval explicitly notified McMath that William Descovich was not its agent, that MFL-Duval is an unincorporated association, and that Florida law requires suit and service against its individual members. (Dkt. 31 at 2–5.) This Court formally confirmed the defective nature of McMath's service on August 26, 2026. (Dkt. 49 at 5–6.) Rather than correcting her error by attempting service on the proper parties under Florida law, McMath simply served a different member of the Descovich family who has no legal

or operational role in MFL-Duval. A plaintiff who is fully apprised of clear service defects yet repeats the same error cannot establish good cause under Rule 4(m).

Accordingly, the Court should quash the purported service on Ms. Descovich and dismiss MFL-Duval from this action under Rules 12(b)(5) and 4(m). At a minimum, the Court should quash service and adjudicate MFL-Duval's pending Motion to Dismiss (Dkt. 60)—including its threshold capacity defense—prior to requiring MFL-Duval to participate further in this litigation.

**CONCLUSION**

For the foregoing reasons, Defendant Moms for Liberty–Duval respectfully requests that the Court enter an Order quashing the purported service of process on Tina Descovich and dismissing MFL-Duval from this action under Federal Rules of Civil Procedure 12(b)(5) and 4(m), without limiting or waiving any relief requested in MFL-Duval's pending Motion to Dismiss (Dkt. 60).

Dated: November 3, 2026

Respectfully submitted,

/s/ Horatio G. Mihet

Mathew D. Staver (FBN 0701092)
Horatio G. Mihet (FBN 0611131)
Daniel J. Piedra (FBN 1074774)
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
court@lc.org
hmihet@lc.org
dpiedra@lc.org

*Counsel for Defendants Moms for Liberty and Moms for Liberty-Duval*

## LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for Moms for Liberty-Duval conferred with counsel for Plaintiff through multiple detailed email exchanges in a good-faith effort to resolve the relief requested in this Motion. Undersigned counsel set forth the specific substantive and procedural bases for the motion—namely, that Defendant Moms for Liberty-Duval is an unincorporated association lacking legal capacity to sue or be sued in its own name, that Florida law requires service upon each individual member rather than a single representative, and that Tina Descovich is not a registered agent, officer, or authorized representative of Moms for Liberty-Duval. Counsel for Plaintiff disagreed with these legal positions and confirmed Plaintiff's opposition to the relief sought, necessitating the filing of this Motion.

Respectfully submitted,

/s/ Horatio G. Mihet
Horatio G. Mihet

*Counsel for Defendants Moms for Liberty and Moms for Liberty-Duval*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ Horatio G. Mihet
Horatio G. Mihet

*Counsel for Defendants Moms for Liberty and Moms for Liberty-Duval*